UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHELLE KEARNS | CIVIL ACTION NO. 6:20-cv-00431 |
| VERSUS | JUDGE SUMMERHAYS |
| PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

# ORDER

The parties resolved the plaintiff's main demand,[1] but they have not yet resolved a dispute between the plaintiff's counsel Brian Colomb and IME physician Dr. Thomas Bertuccini over the appropriate fee to be charged by Dr. Bertuccini and paid by Mr. Colomb for the time Dr. Bertuccini spent being deposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court will now determine the appropriate fee for Dr. Bertuccini's deposition.

This is a personal injury lawsuit, in which the plaintiff alleged that she was injured in a motor vehicle accident. Dr. Bertuccini was retained by the defendants to provide an independent medical examination ("IME"). After Dr. Bertuccini issued his IME report, Mr. Colomb scheduled Dr. Bertuccini's deposition.

---

[1] Rec. Doc. 26.

An IME doctor is an expert witness. Under Fed. R. Civ. P. 26(b)(4)(A), an expert who has rendered a report, as Dr. Bertuccini did in this case, may be deposed. Under Fed. R. Civ. P. 26(b)(4)(E)(i), the party seeking discovery must pay an expert a reasonable fee for the time spent responding to discovery. In this case, the plaintiff scheduled Dr. Bertuccini's deposition after he rendered his report. Therefore, the plaintiff was required to compensate Dr. Bertuccini for the time he spent being deposed.

Any such fee must be reasonable. "Ultimately, it is in the court's discretion to set an amount that it deems reasonable."[2] However, the reasonableness of an expert's deposition fee may be determined by considering the following factors:

> (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest[s] implicated by Rule 26.[3]

---

[2] *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D. Va. 2000). See, also, e.g., *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. at 276; *Melendez v. Southern Fidelity Insurance Company*, No. 20-689, 2021 WL 1688979, at *3 (E.D. La. Mar. 10, 2021); *Miller v. Credit*, No. 12-00138-BAJ-RLB, 2013 WL 1833310, at *2 (M.D. La. May 1, 2013); *Clark v. Lartigue*, No. 6:15-cv-2409, 2016 WL 6820742, at *1 (W.D. La. Nov. 17, 2016).

[3] *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010).

Before Dr. Bertuccini's deposition was held, Dr. Bertuccini notified Mr. Colomb that the fee for his deposition would be $3,000 per hour.[4] Arguing that the fee to be charged by Dr. Bertuccini was too steep, the plaintiff filed a motion to set the fee to be charged by Dr. Bertuccini for his deposition. (Rec. Doc. 18). This Court spoke with counsel for both the plaintiff and defendant and also spoke directly with Dr. Bertuccini regarding this dispute. This Court's understanding was that Dr. Bertuccini would not charge more than $3,000 for the deposition if the questioning took longer than an hour. However, neither Dr. Bertuccini nor this Court anticipated that the deposition would last for much more than an hour. This Court denied the plaintiff's request that a fee other than that requested by Dr. Bertuccini be set. (Rec. Doc. 19).

The deposition was held on October 7, 2021 and lasted three hours, which in this Court's experience is a long time for the deposition of an IME doctor. Thereafter, Dr. Bertuccini sent an invoice to Mr. Colomb, requesting that he pay an additional $3,000, calculated on the basis of $3,000 per hour for each of the two extra hours or $6,000, but discounted by fifty percent. Mr. Colomb objected to being billed the additional amount.

---

[4] Rec. Doc. 18-3 at 1.

Dr. Bertuccini's position is that he did not agree to charge only $3,000 for the deposition no matter how long it might have lasted, contending that he agreed only to limit the charge to $3,000 if the deposition went over one hour by a few additional minutes. Neither Dr. Bertuccini nor this Court anticipated that the deposition of an IME doctor would take three hours. Mr. Colomb's position is that the deposition took three hours because Dr. Bertuccini "provided extremely long, evasive, and intentionally confusing answers, and he also failed to produce the documents requested in the subpoena issued to his office prior to his deposition."

This Court reviewed the transcript of the deposition in camera. While it is very difficult to gain an understanding of the actual pace of a deposition by reading a paper transcript, it is apparent that the deposition was slowed by Dr. Bertuccini's sometimes very lengthy answers, a dispute over the contents of Dr. Bertuccini's file, questions regarding the use of color coding in Dr. Bertuccini's file, and repetitive questions asked by Mr. Colomb in an effort to understand Dr. Bertuccini's reasoning underlying the opinions set forth in his report.

This Court is disappointed that these two professional gentlemen were unable to resolve their dispute without involving the court. This Court finds that neither Dr. Bertuccini's position nor Mr. Colomb's position is wholly lacking in merit. This Court further finds that, considering Dr. Bertuccini's qualifications, the discussions between this Court and Dr. Bertuccini, the complexity of the issues addressed during

the deposition, the nature of the questions and answers comprising the deposition, and the dispute regarding the content and color coding of Dr. Bertuccini's file materials, a total fee of $4,500 for the deposition is reasonable. Accordingly,

IT IS ORDERED that Mr. Colomb shall pay and Dr. Bertuccini shall accept the additional sum of $1,500 as full and complete compensation for Dr. Bertuccini's deposition in this lawsuit.

IT IS FURTHER ORDERED that the Clerk of Court shall mail a copy of this order to Dr. Thomas Bertuccini, 501 W. St. Mary Blvd., Suit 306, Lafayette, LA 70506, by certified mail, return receipt requested.

Signed at Lafayette, Louisiana, this 23rd day of December 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE